UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                    :
**MONTVALE SURGICAL CTR.,**         :
                                    :   Civil Action No. 12-2507(KSH)
                                    :
         **Plaintiff,**             :
                                    :
   **v.**                           :
                                    :   **PRETRIAL SCHEDULING ORDER**
                                    :
**HORIZON BLUE CROSS,**             :
                                    :
         **Defendant**              :
_____ :

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 16, 2012; and for good cause shown,

    **IT IS on this 16th day of May, 2012**

    **ORDERED THAT** Horizon shall provide defendant Iron Workers with a copy of this Order;

    **IT IS FURTHER ORDERED THAT:**

**I. COURT DATES**

    1.    There shall be a telephone status conference before the Undersigned on **TO BE SET IF REQUESTED.** Plaintiff shall initiate the telephone call.

    2.    a. There will be a settlement conference before the Undersigned on **June 26, 2012 at 10:15 a.m.** [1]

        b. Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **June 12, 2012**. Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

        c. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

---

[1] The parties shall notify the Court if they seek a single settlement conference to address all UCR cases that have been filed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 16, 2012 at 1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4. a. Fed. R. Civ. P. 26 disclosures, including the administrative record and documents on which the parties intend to rely to support its position concerning the applicable usual and customary rate, are to be exchanged on or before **June 6, 2012.**

   b. No later than **May 23, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[2]

5. Discovery necessary to engage in meaningful settlement discussions: <u>Rule 26 disclosures,</u> which will be produced by **June 6, 2012.**

6. The parties may serve interrogatories limited to **none** single questions including subparts and requests for production of documents on or before **none,** which shall be responded to no later than **none.**

7. The number of depositions to be taken by each side shall not exceed **none.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **none**.

8. Fact discovery is to remain open through **June 6, 2012**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than <u>**June 13, 2012 at 3:00 p.m.**</u> The Court will not entertain

---

[2]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

      10.    Any motion to amend pleadings or join parties shall be filed no later than **none.**

      11.    All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **July 27, 2012** . No pretrial dispositive motions will be entertained after that date. Any replies shall be submitted no later than **August 13, 2012.** The return date shall be **August 20, 2012** before the Hon. Katharine S. Hayden. The following protocol shall apply:

      a. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

      b. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

      c. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

      d. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III. EXPERTS

      12.    All affirmative expert reports shall be delivered by **none.**

      13.    All responding expert reports shall be delivered by **none.**

      14.    a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

      b. All expert depositions shall be completed by **none.**

### IV. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 16, 2012** at **1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **October 9, 2012 at 3:00 p.m.** All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V. MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

**s/Patty Shwartz**  
**UNITED STATES MAGISTRATE JUDGE**
