IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o KEVIN DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., DISTRICT COUNCIL IRONWORKERS FUNDS OF NORTHERN NEW JERSEY, ABC CORP. 1-10,<br><br>Defendants. | CIVIL ACTION NO.: 12-2507 |

**MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6)**

Edward S. Wardell, Esquire
Matthew A. Baker, Esquire
Connell Foley LLP
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

2709111-01

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY................................................ 1

    A.   The Parties ................................................................................................................. 1

    B.   The Ironworkers Self-Funded Employee Benefits Plan .................................................. 2

    C.   Plaintiff's Failure to Exhaust the Mandatory Administrative Appeals Procedure ........... 3

    D.   Plaintiff's Claim for Benefits Under the Self-Funded Plan............................................. 3

LEGAL ARGUMENT ............................................................................................................ 4

    A.   The Legal Standard..................................................................................................... 4

    B.   The Complaint Should be Dismissed as to All Parties Because Plaintiff Failed to Exhaust the Mandatory Administrative Appeals Process Under the ERISA Governed Plan ............................................................................................................. 4

    C.   ERISA Completely and Expressly Preempts Plaintiff's State Law Claims ........................................................................................................................ 6

        1.   Section 502(a) of ERISA Completely Preempts Plaintiff's State Law Claims .......... 6
        2.   Section 514(a) of ERISA Expressly Preempts Plaintiff's State Law Claims ............. 7

CONCLUSION........................................................................................................................ 9

i

# TABLE OF AUTHORITIES

*Cases*

Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994) .................................... 4

Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) .................................................. 6, 7

Amato v. Bernard, 618 F.2d 559 (9th Cir. 1980) ........................................................ 5

FMC Corp. v. Holliday, 498 U.S. 52 (1990) ............................................................... 6

Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244 (3d Cir. 2002) ........................ 1, 5

In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410 (3d Cir. 1997) ................... 4

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994) .............. 4

Kelso v. General American Life Ins. Co., 967 F.2d 388 (10th Cir. 1992) .................... 8

Majka v. Prudential Ins. Co., 171 F.Supp.2d 410 (D.N.J. 2001) ............................. 1, 4

Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985) .......................... 6

Metz v. United Counties Bancorp., 61 F.Supp.2d 364 (D.N.J. 1999) ........................... 7

Pilot Life Ins. Co. v Dedeaux, 481 U.S. 41 (1987) ...................................................... 6

Pryzbowski v. U.S. Healthcare, 245 F.3d 266 (3d Cir. 2001) .................................. 6, 7

Shaw v. Digital Equip. Corp., 82 F.3d 1194 (1st Cir. 1996) ....................................... 4

*Other Authorities*

29 U.S.C. § 1001 .......................................................................................................... 1

29 U.S.C. §1132(a) ...................................................................................................... 6

29 U.S.C. §1144(a) ................................................................................................... 7, 8

N.J.S.A. 17:48E-1 to -48 ............................................................................................. 1

Rule 12(b)(6) ............................................................................................................... 4

## INTRODUCTION

Plaintiff Montvale Surgical Center brought this action against Defendants Horizon Blue Cross Blue Shield of New Jersey and District Council Ironworkers Funds of Northern New Jersey, as the assignee of Kevin Dawson, to recover benefits for services allegedly rendered to Mr. Dawson on or about June 21, 2010. Mr. Dawson receives health benefits through a self-funded employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). By this Motion, Horizon moves to dismiss Plaintiff's Complaint as Plaintiff failed to exhaust the administrative appeals procedure as set forth in the applicable health benefit plan. Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244 (3d Cir. 2002); Majka v. Prudential Ins. Co., 171 F.Supp.2d 410, 414 (D.N.J. 2001).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

**A.  The Parties**

Horizon is a not-for-profit health service corporation established under the Health Services Corporation Act, N.J.S.A. 17:48E-1 to -48, and is authorized to transact business in the State of New Jersey, with its principal place of business located at Three Penn Plaza, Newark, New Jersey. (Notice of Removal, ¶ 3). Horizon, among other things, provides health benefits for its subscribers and acts as a third party administrator for employee health benefit plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). (Notice of Removal, ¶ 3).

The District Council Ironworker's Funds of Northern New Jersey ("Ironworker's Funds") is a benefit plan for Northern New Jersey Ironworkers and their participating family members, with its location at 12 Edison Place, Springfield, New Jersey. (Complaint, ¶ 2). The Ironworker's Fund is a self-funded health insurance plan governed by ERISA, 29 U.S.C. § 1001 et seq. (Complaint, ¶ 4).

1

Plaintiff Montvale Surgical Center is an outpatient ambulatory surgery center (ASC) where allegedly minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. (Complaint, ¶ 1). Plaintiff is an "out-of-network" medical provider and does not have a contract with Horizon. Plaintiff is bringing this action as an alleged assignee of Kevin Dawson, a participant in the self-funded employee health benefit plan established by the District Council Ironworkers of Northern New Jersey. (Complaint, ¶ 3).

B.   **The Ironworkers Self-Funded Employee Benefits Plan**

Kevin Dawson receives health benefits through the District Council Ironworkers Funds of Northern New Jersey, a self-funded employee benefit plan governed by ERISA ("Ironworker's Fund"). (Attached hereto as Exhibit "A" are the relevant portions of the Ironworker's Fund, pp. 94). Horizon provides only administrative services, and payments of benefits are paid from the Ironworkers of Northern New Jersey's funds. (Id.). The Ironworker's Fund makes all final claims decisions. (Attached here to as Exhibit "B" is a copy of the Administrative Services Agreement between Horizon and the District Council Ironworkers Welfare Fund of Northern New Jersey, §§ 4.0, 4.1 & 6.0).

The Ironworkers Fund is designed to help members and their eligible dependents afford proper health care. (Exhibit "A' pp. 7). The plan provides coverage for medical benefits for the care of a covered person as a result of non-occupational illness or injury. (Exhibit "A" pp. 22). To be considered for reimbursement, the charges must be reasonable and the services rendered need to be medically necessary and appropriate. (Id.)

The plan contains a clearly defined two-step appeals process which must be followed before the initiation of any legal action. (Exhibit "A" pp. 83). For post-service hospital and medical claims, the first level appeal is to be made to Horizon. (Id. pp. 82). If the claimant

wishes to appeal Horizon's determination, they may submit a second level appeal to the Board of Trustees within 180 days of the receipt of the first decision. (Id.). The plan then clearly and unequivocally states "you may not start a lawsuit until after you have requested a review and a final decision has been reached on review, or until you filed a request for review … ." (Id. pp. 83).

C. **Plaintiff's Failure to Exhaust the Mandatory Administrative Appeals Procedure**

Under the terms of the Ironworker's Fund, Plaintiff is required to appeal to the Board of Trustees before initiating any lawsuit to obtain benefits. (Exhibit "A," pp. 83). The plan clearly states "you may not start a lawsuit to obtain benefits until after you have requested a review and a final decision has been reached on review … ." (Id.). In this instance, Plaintiff never appealed to the Board of Trustees. (Attached hereto as Exhibit "C" is the Certification of Peter A. Scalfani, Fund Administrator, ¶ 7). Therefore, Plaintiff has failed to exhaust the mandatory administrative appeals procedure outlined by the Plan and this action is therefore barred.

D. **Plaintiff's Claim for Benefits Under the Self-Funded Plan**

Plaintiff filed a Complaint against Horizon seeking increased reimbursement for services purportedly rendered to Kevin Dawson on June 21, 2010, under the terms of the Ironworker's Fund. Plaintiff allegedly performed paravertebral facet joint injections at multiple levels under fluoroscopic guidance. Payment was made on this claim in the amount of $642.60. Plaintiff is seeking increased reimbursement for these services in the amount of $13,287. (Complaint ¶ 13). Plaintiff brought state law claims for breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment. In addressing state law claims based on failure to pay benefits, Sections 502(a) and 514(a) of ERISA have been held to completely preempt these causes of action.

3

## LEGAL ARGUMENT

### A. The Legal Standard

Defendants seek to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true the allegations of the plaintiff's complaint and all reasonable inferences that can be drawn therefrom. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Because Plaintiff's claims are based on the terms of Kevin Dawson's health benefit plan, the Court may consider the plan documents without converting this motion into a motion for summary judgment. In resolving a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a 'document *integral to or explicitly relied* upon in the complaint' may be considered" by the Court "without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)(emphasis added). Accord Pension Benefit Guar. Corp. v. White Consol. Inds., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if plaintiff's claims are based on the document.").

### B. The Complaint Should be Dismissed as to All Parties Because Plaintiff Failed to Exhaust the Mandatory Administrative Appeals Process Under the ERISA Governed Plan

It is well settled that a participant in an employee benefit plan must exhaust the appeal procedures available under the plan before bringing an action to recover benefits. A plan beneficiary claiming an improper denial of benefits must "exhaust the internal administrative procedures made available by the ERISA plan at issue before seeking judicial relief." Majka v. Prudential Ins. Co., 171 F.Supp.2d 410, 414 (D.N.J. 2001). "Except in limited circumstances, a

4

federal court will not entertain an ERISA claim unless the plaintiff has exhausted the administrative remedies under the plan." Harrow v. Prudential Ins. Co., 279 F.3d 244, 249 (D.N.J. 1999)(dismissing the complaint against plan administrator for wrongful denial of benefits under Section 502(a)). Courts require exhaustion of administrative remedies "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." Id., quoting Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980) (internal quotations omitted).

In this case, the ERISA governed plan contains a two-step appeals process that must be exhausted before the filing of any lawsuit. (Exhibit "A" pp. 82-83; Exhibit "B" ¶¶ 4 & 5). For post-service hospital and medical claims, the first level appeal is to be made to Horizon. (Exhibit "B" pp. 82). If the claimant is still dissatisfied with the decision of the first level appeal, they may submit a second level appeal to the Board of Trustees within 180 days of the receipt of the first decision. (Id.). The plan then clearly and unequivocally states "you may not start a lawsuit until after you have requested a review and a final decision has been reached on review, or until you filed a request for review ... ." (Id. pp. 83). In this instance, neither Keith Dawson nor any assignee of Mr. Dawson have submitted an appeal to the Board of Trustees concerning the services allegedly provided by Montvale Surgical Center that are at issue in this litigation. (Exhibit "B" ¶ 7).

Because the Plaintiff has failed to exhaust the mandatory administrative appeals procedure contained in the applicable plan, Plaintiff's Complaint should be dismissed with prejudice as to all parties.

5

2709111-01

## C. ERISA Completely and Expressly Preempts Plaintiff's State Law Claims

ERISA contains two statutory provisions which preempt state law causes of action. The first of ERISA's two preemption provisions, Section 502(a) of ERISA, 29 U.S.C. §1132(a), sets forth a comprehensive civil enforcement scheme which forecloses state law claims that seek to supplement or supplant its remedies[1]. For this reason, any claim that falls within the scope of Section 502(a) is completely preempted. Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 271-72 (3d Cir. 2001).

In order to maintain the integrity of its exclusive regulatory scheme, ERISA also contains an express preemption clause. Section 514(a) of ERISA, 29 U.S.C. §1144(a), preempts "any and all state laws" that "relate to any employee benefit plan." Although not without limits, the Supreme Court has repeatedly found that the express preemption provisions of Section 514(a) of ERISA are deliberately expansive. Pilot Life, 481 U.S. at 46. "[ERISA's] pre-emption clause is conspicuous for its breadth. It establishes an area of federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990).

### 1. Section 502(a) of ERISA Completely Preempts Plaintiff's State Law Claims

Section 502(a) of ERISA completely preempts Plaintiff's state law claims against Defendants because it improperly seeks to duplicate and supplement the exclusive remedies available under ERISA. Under Section 502(a), "any state law cause of action that duplicates,

---

[1] In Pilot Life Ins. Co. v Dedeaux, 481 U.S. 41(1987), the Supreme Court explained: "[T]he detailed provisions of 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. Id. at 54, quoting Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985); see Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Davila, 542 U.S. at 209. For this reason, any claim that "challenges the administration of or eligibility for benefits" is completely preempted and must be dismissed." Pryzbowski, 425 F.3d at 273.

In this case, Plaintiff's state law claims for breach of contract, promissory estoppel, negligent misrepresentation and unjust enrichment are based on the allegation that Defendants failed to pay benefits for services rendered to Kevin Dawson. Because these state law claims seek to recover benefits allegedly due enter the ERISA-governed employee health benefits plan, they are completely preempted. Davila, 542 U.S. at 209.

2. Section 514(a) of ERISA Expressly Preempts Plaintiff's State Law Claims

Section 514(a) of ERISA, 29 U.S.C. §1144(a), expressly preempts any state law that relates to an employee benefit plan. One primary purpose of this provision is to eliminate the risk of conflicting and inconsistent state regulation of employee benefit plans. Metz v. United Counties Bancorp., 61 F.Supp.2d 364, 381(D.N.J. 1999). For this reason, Section 514(a) expressly preempts state law tort claims. Courts have repeatedly held that Section 514(a) preempts state law claims that an insurer misrepresented the amount or availability of benefits under an employee benefit plan. See, e.g. Metz, 61 F.Supp.2d at 381; Kelso v. General American Life Ins. Co., 967 F.2d 388, 390-91 (10th Cir. 1992). Because Plaintiff's claims are based on the alleged underpayment of payment of benefits under the plan, they once again involve the administration of benefits and relate to the Plan. Indeed, Plaintiff's claims pose the precise risk of inconsistent state regulation that Section 514(a) is designed to prevent. If claims like those pleaded by Plaintiff are allowed to stand, a provider could bring a state court action for

damages any time a benefit plan denied coverage or reduced benefits because the services were not otherwise covered under the terms of a plan.

2709111-01

## CONCLUSION

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully request that this Court dismiss the Complaint filed by Montvale Surgical Center.

CONNELL FOLEY LLP
*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE:   May 18, 2012

9

2709111-01